IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AKILAH E. HATFIELD, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:23-cv-202-RAH-JTA |
| CADENCE BANK, et al., | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Motion for Denial of Notice of Removal filed by Plaintiff Akilah E. Hatfield. (Doc. No. 16.) For the following reasons, the undersigned finds that the motion is due to be denied.

### I. PROCEDURAL HISTORY

On March 9, 2023, Plaintiff, proceeding *pro se*, filed this action in state court against defendants Cadence Bank, Shane Smith and Bailey Davenport alleging claims of "unlawful discrimination and unlawful harassment[.]" (Doc. No. 1-2 at 5-7.) On April 10, 2023, defendants Cadence Bank and Bailey Davenport removed this case from the Circuit Court of Lee County, Alabama, pursuant to 28 U.S.C. § 1441. (Doc. No. 1.) Defendants contend this court has original jurisdiction over the claims alleged in Plaintiff's Complaint pursuant to federal question jurisdiction, 28 U.S.C. § 1331. (*Id*. at ¶ 8.)

Plaintiff filed a Motion for Denial of Notice of Removal on July 13, 2023, arguing that "only state claims have been pleaded" and "one party from the same state was sued avoiding diversity removal." (Doc. No. 16 at 1.) On July 14, 2023, the undersigned

1

construed Plaintiff's motion as a motion for remand and ordered her to file a brief "setting out the reasons why the motion should be granted, with citations to the legal authorities that support her argument(s)." (Doc. No. 19.) To date, Plaintiff has not filed a brief in support of her motion.

## II. DISCUSSION

Despite Plaintiff's failure to brief the motion, the undersigned considers the merits of the motion because it does contain some explanation as to the grounds for the relief requested and because it concerns the court's subject matter jurisdiction, which cannot be waived and must be considered *sua sponte* if necessary. *Powell v. R.R. Ret. Bd.*, No. 3:23-CV-26-RAH-JTA, 2023 WL 3731418, at *1 (M.D. Ala. May 15, 2023), *report and recommendation adopted*, No. 3:23-CV-26-RAH, 2023 WL 3730290 (M.D. Ala. May 30, 2023).

Plaintiff contends that remand is required because she asserted only state law claims and because diversity jurisdiction is lacking due to the presence of one defendant who resides in the same state as Plaintiff. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

However, Plaintiff's Complaint clearly asserts that Defendants "subjected [her] to unlawful discrimination and unlawful harassment," "refused ADA accommodations," and subjected her to violations of her "protected status under Title II of the Civil Rights Act of 1964, Americans with Disabilities Act in 1990, and Section 504 of the Rehabilitation Act of 1973." (Doc. No. 1-2 (sic).) These claims arise under federal statutory law, so

2

Defendants' removal of this case on the basis of federal question jurisdiction was not improper. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1441(a) (providing for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). Any state law claims asserted in the Complaint are removable pursuant to 28 U.S.C. § 1441(c), which provides for the removal of otherwise nonremovable claims that are asserted in an action containing "a claim arising under the Constitution, laws, or treaties of the United States claim arising under the Constitution, laws, or treaties of the United States (within the meaning of [28 U.S.C. § 1331])."

For these reasons, remand is not warranted, and Plaintiff's Motion for Denial of Notice of Removal (Doc. No. 16) is due to be denied.

### III.   CONCLUSION

Accordingly, the undersigned RECOMMENDS that:

1. Plaintiff's Motion for Denial of Notice of Removal (Doc. No. 16) be DENIED.

2. This action be referred back to the undersigned for further proceedings.

It is further ORDERED that on or before **September 8, 2023**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in this Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a de novo determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary, in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of August, 2023.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE