IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AKILAH E. HATFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:23-cv-202-RAH-JTA |
| | ) (WO) |
| CADENCE BANK, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Pursuant to the Scheduling Order entered in this case, September 5, 2023, was the deadline for the parties to move to amend their pleadings. (Doc. No. 11 at 2.) No party has moved to amend. The Complaint filed by *pro se* Plaintiff Akilah E. Hatfield, in full, is as follows:

1. I claim the defendant owes the plaintiff the sum of $500,000.00 because: On, March 1, 2023, at Cadence Bank, 2420 Pepperell Parkway, Opelika, Alabama, 36830, I believe in good conscience I was subjected to unlawful discrimination and unlawful harassment by named defendants: Cadence Bank, Bailey D., bank teller and Shane Smith, branch manager. I was denied all customer services, refused ADA accommodations, given misleading information, and kicked out while being threatened with charges of trespassing. The defendant's behavior not only violated my basic human rights, but also my protected status under Title II of the Civil Rights Act of 1964, Americans with Disabilities Act in 1990, and Section 504 of the Rehabilitation Act of 1973. Lastly, the mere moral values, mission, and vision of Cadence Bank were disregarded and not upheld.

2. Plaintiff also claims from the defendant court costs in the sum of $ 517.00 (see note), plus $103.40 for interest.

      • Note: The total amount of court costs may be more than this amount when the case is finally settled. The clerk will inform you of any additional costs at the close of the case.

(Doc. No. 1-2 at 6 (sic).)

"Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers." *Lietzke v. Cnty. of Montgomery, Alabama*, No. 2:20-CV-1028-ECM-JTA, 2023 WL 3238952, at *2 (M.D. Ala. May 3, 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), *report and recommendation adopted*, Case No. 2:20-CV-1028-ECM-JTA, August 21, 2023 Memorandum Opinion and Order (Doc. No. 13) (M.D. Ala. 2023). Nevertheless, the Complaint is so devoid of factual allegations that it is not possible for the Court[1] to tell from the face of the Complaint what this lawsuit is about with sufficient specificity to effectively manage and resolve issues relevant to discovery, dispositive motions, trial, and other proceedings. The Complaint states that Plaintiff "was denied all customer services, refused ADA accommodations, given misleading information, and kicked out while being threatened with charges of trespassing." (Doc. No. 1-2.) However, the Complaint does not specify which Defendant committed which alleged act, does not state what customer services or what ADA accommodations were denied Plaintiff, and does not explain what "misleading information" was given to Plaintiff or by whom. It is therefore impossible to determine from the Complaint what facts form the basis of each of

---

[1] Presumably, Defendants are aware of more details relevant to Plaintiff's claims than are reflected in the Court's record, as Defendants did not file a motion for more definite statement or other motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, and the parties appear to be proceeding with discovery. Defendants filed an answer, the parties held a scheduling conference, and a Scheduling Order has been entered. (Docs. No. 5, 7, 11.)

Plaintiff's claims. *See* Fed. R. Civ. P. 8(a) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 10 (governing the form of pleadings); *see Miller v. Montgomery Police Dep't*, No. 2:20-CV-1025-RAH-JTA, 2023 WL 2673937, at *1 (M.D. Ala. Jan. 6, 2023) (stating, in a case involving a *pro se* plaintiff, that "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to adequately state a claim upon which relief can be granted (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))), *report and recommendation adopted*, No. 2:20-CV-1025-RAH, 2023 WL 2669863 (M.D. Ala. Mar. 28, 2023), *appeal dismissed*, No. 23-11776-D, 2023 WL 5422716 (11th Cir. July 13, 2023).

This court has the obligation and the inherent authority to manage its docket to achieve the orderly disposition of this case. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). Upon consideration of the pleadings as they stand at the expiration of the deadline to amend, the undersigned concludes that the Complaint is so deficient as to risk significantly inhibiting joinder of the issues, trial, and effective case management. Therefore, the Court must *sua sponte* address

the pleading deficiency.[2] *See id*. at 367 n.5 (noting that, where defendants opted not to move for a more definite statement, "on examining [the] pleadings, the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement" because the complaint so failed to comply with the rules of pleading that it prevented effective joinder and disposition of the relevant issues in the case); *see also Dietz*, 579 U.S. 40 at 45 ("[T]he exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice." (quoting *Degen v. United States*, 517 U.S. 820, 823–824 (1996)).

Accordingly, it is ORDERED that, **on or before September 22, 2023**, Plaintiff shall file an amended complaint. The amended complaint shall be a simple, concise statement of Plaintiff's claims, including the following:

1. The amended complaint must set out in separately numbered paragraphs a short, plain statement of the facts on which Plaintiff bases her claims. To the extent possible, for each act of alleged discrimination or other wrongful conduct by Defendants, Plaintiff should include the date(s) of the alleged wrongful conduct, a description of the alleged wrongful conduct, the names of the Defendant(s) who allegedly engaged in that conduct, and the facts supporting her contention that wrongful conduct occurred.

---

[2] Plaintiff is not proceeding *in forma pauperis*. Therefore, the Complaint is not subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The amended complaint must set out Plaintiff's legal claims in separate counts, with one claim per count, referencing the specific allegations of fact that support each legal claim. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b).

3. The amended complaint shall state plainly the relief Plaintiff requests from the court.

4. The amended complaint shall comply with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), and Rule 10.[3]

*Plaintiff is advised that failure to file an amended complaint in accordance with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders.*

DONE this 8th day of September, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures.